I have no disposition to withhold my assent from the principle that a criminal charge, and particularly one which may affect the life of a citizen, should be expressed fully, clearly, and accurately. A due observance of this principle guards against the (408) evils of discretional judicature; and whilst it affords additional security to civil freedom, and advances the claims of humanity, connects with the specific crime its legal and appropriate punishment. Wherever plain and intelligible authorities give countenance to an exception, either by application or just analogous reasoning — wherever the reason of the law speaks, though the law itself be silent, it is fit that objections so supported should be sustained by a court of justice. But, according to my apprehension, the doctrine has already been extended to a sufficient degree to answer all the purposes of security and justice; and to extend it further might justify those objections which have heretofore been alleged in reproach of the law.
The defect in the indictment for which this motion is made is the omission of a single letter, a vowel which, if inserted, could not be founded in articulation, and the want of which could not possibly mislead the jury who found the bill, or anyone who reads it, as to the true meaning of the words. If, taken with the context, it were possible to affix any other meaning to the word, then that part of a man's body which is denominated the left breast, or if the word were wholly insensible, and conveyed no meaning, then the objection would strike me in a different light; but connected, as it is, with the adjuncts "aforesaid" and "left," the mind does not hesitate in applying its obvious signification. I do not think that much light can be thrown on this question by the cases that have been cited relative to indictments in Latin, the genius of which language is so essentially different from ours; for that it is by the varying termination of the substantive that the different connections and relations of one thing to another are expressed; whereas prepositions are chiefly used in the English language for the same purpose. Hence, the addition or omission of a single letter in a Latin word is more likely to confound the sense than in an English one. In the case cited from Cro. Eliz., 137, there is not only a false concord of case and gender; but the plural termination of the substantive "brachia" renders the sentence altogether uncertain; and the objection to the indictment (409) arising from this circumstance strikes deeper than the neglect of grammatical precision. We also learn from Long's case, which has been *Page 340 
cited from 5 Co., that false Latin doth not vitiate an indictment, nor any false concord between the substantive and the adjective, because, though the expressions be incongruous, yet they are Latin, and significant, and convey the sense as clearly as if they had been properly expressed. Otherwise it is if a word be used which is not Latin, or one that is proper Latin be used in another sense, whether different or more extensive. Another case is cited from Cro. Jac., 133, which appears to me not to bear upon the question. It is an indictment of perjury upon the Stat. of Eliz., which ought to have been hereby recited; but in a material part of the indictment the word "admitteret" is used instead of "amitteret," which the statute contains; and for this variance the outlawry was reversed — the two words belong to verbs which have distinct meanings; the one signifying to lose, the other to admit — such an error, which made nonsense of the sentence, could not but be fatal.
Then as to the case cited from Ld. Raym., 1515, where "austrialia" was used instead of "australia," that was decided to be insufficient on the ground of variance; upon which subject, though the law is emphatically strict, yet it will appear that this decision is not reconcilable with its true doctrine. For this, as laid down in Cowper, 229, and Salk., 660, appears to be, that where the omission or addition of a letter does not change the word, so as to make it another word, the variance is not material; but that where the misrecited word is in itself not intelligible with the context, there the variance is fatal. Upon this principle it was, that "undertood" for "understood," in an indictment for perjury, was held not to be material; that "recieveed" for received," in an indictment for forging a bill of exchange, was held not to vitiate the indictment, the Court considering that it was only misspelled, and that there was not a possibility of mistaking it for any other word in the English language. Hart's case, Leach, 146. And upon the same principle, (410) also, it ought to follow that the case in Ld. Raym., should have been differently decided, since the addition of a letter did not make it a distinct word.
Considering this case, then, as well upon the authorities as upon the reason of the thing, I apprehend that it is not possible to mistake this word so misspelled for any other, and that the motion ought not to prevail.
HALL and MACAY, Judges, agreed in opinion with Judge JOHNSTON, and the judgment arrested.
NOTE. — Quaere, whether such a defect would be fatal in an indictment since the Act of 1811. (1 Rev. Stat., ch. 35, sec. 12.) *Page 341